IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ICHL, LLC d/b/a INTELLECTUAL CAPITAL HOLDINGS LIMITED<br>Plaintiff | § § § § | |
| V. | § § | No. 5:08CV177 |
| LG ELECTRONICS, INC., ET AL.<br>Defendants | § § § | |

**MEMORANDUM ORDER**

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff ICHL LLC, d/b/a Intellectual Capital Holdings Limited ("Plaintiff") filed this lawsuit against Mitsubishi Digital Electronics America, Inc., Samsung Electronics America, Inc., and Toshiba America Consumer Products, LLC (hereinafter "Defendants"), alleging infringement of U.S. Patent No. 4,884,631 ("the '631 patent"). Plaintiff had previously filed two other lawsuits alleging infringement of the same patent. *See* 5:08cv65 ("*ICHL I*") and 5:08cv175 ("*ICHL II*"). This lawsuit ("*ICHL III*") was referred to the Magistrate Judge for pretrial purposes and was consolidated for claim construction with the two earlier filed lawsuits.

On April 20, 2010, the Magistrate Judge issued a Memorandum Opinion and Order on claim construction (the "Claim Construction Order"). (Dkt. No. 110). On May 4, 2010, Plaintiff filed

objections to the Claim Construction Order. On September 20, 2010, the undersigned overruled Plaintiff's objections and affirmed the Magistrate Judge's Claim Construction Order.

On October 20, 2010, Plaintiff proposed that the parties in each case enter a joint stipulation of non-infringement of the '631 patent as construed by the Court so that it could seek immediate appellate review. The parties in *ICHL I* entered into a joint stipulation,[1] and the parties in *ICHL II* agreed to suspend proceedings in their case pending the resolution of the *ICHL I* appeal. The parties in this case could not reach an agreement on the terms of a stipulation.

In late January of 2011, Defendants filed substantively consistent motions for summary judgment of non-infringement. In each of its responses to Defendants' motions, Plaintiff conceded that summary judgment of non-infringement is proper for all three defendants based on the Court's construction of the "in intimate contact with said second surface" limitation. (*See, e.g.* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 132) at pg. 2).

On June 23, 2011, the parties filed a joint motion to stay all of the upcoming pretrial and trial deadlines pending resolution of Defendants' previously filed motions for summary judgment (Dkt. No. 141). In their joint motion, the parties indicated that a ruling on Defendants' motions for summary judgment would allow the parties to consolidate the appeal with that in the *ICHL I* case. The parties all agreed that, in light of the Court's Claim Construction Order, summary judgment is appropriate at this time. (Dkt. No. 141 at pgs. 2-3).

After granting the joint motion to stay all the pretrial and trial deadlines, the Magistrate Judge entered a Report and Recommendation, recommending Defendants' motions for summary judgment

---

[1] The appeal in *ICHL I* is in the briefing stage before the Federal Circuit.

be granted. Plaintiff filed objections to the Report and Recommendation, asserting the Magistrate Judge should have granted summary judgment on only one of the specific grounds raised in Defendants' motions, namely that Defendants' heat sinks do not infringe the "bonded" and "in intimate contact with" limitations of Claims 2 and 3 of the '631 patent as those limitations have been construed by the Court. To the extent the Report and Recommendation is intended to recommend summary judgment on any grounds other than non-infringement of the "bonded" and "in intimate contact with" limitations, Plaintiff asserts the Report and Recommendations is erroneous. Plaintiff further requests that the Court abate this matter and wait to address the summary judgment motions until after the United States Court of Appeals for the Federal Circuit has the opportunity to provide a decisive ruling on the disputed claim construction issues in *ICHL I*.

In response, Defendants point out that Plaintiff previously stipulated that a ruling on Defendants' motions for summary judgment would allow the parties to consolidate the appeal in this case with that in the *ICHL I* case. Defendants assert Plaintiff offers no explanation for why it now seeks to thwart consolidation of the appeals. Defendants further assert this Court would promote the interests of fairness, justice, and economy by allowing all defendants in the two *ICHL* cases to be heard in one appeal before the Federal Circuit. Defendants request the Court grant summary judgment on all three grounds. In the alternative, Defendants request the Court enter judgment on at least the one undisputed ground and deny Plaintiff's request for a stay.

Given Plaintiff's previous stipulation and its failure to now show good cause for a stay in this case pending the appeal of the *ICHL I* case, the Court declines to abate this matter pending resolution of the appeal. Instead, the Court is inclined to limit the Court's summary judgment to the one undisputed ground raised in Defendants' motions, namely that Defendants are entitled to summary

judgment based on their non-infringement of the "bonded" and "in intimate contact with" limitations. The Court, having reviewed the relevant briefing, the Report and Recommendation, the objections, and the response to the objections, adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court, with the additional clarification that summary judgment is being granted only as to the one undisputed ground raised in Defendants' motions. Accordingly, it is hereby

**ORDERED** that Defendant Mitsubishi Digital Electronics America, Inc.'s Motion for Summary Judgment of Non-infringement (Docket Entry # 128), Defendant Toshiba America Consumer Products, LLC's Motion for Summary Judgment of Non-infringement (Docket Entry # 129), and Defendant Samsung Electronics America, Inc.'s Motion for Summary Judgment of Non-infringement (Docket Entry # 130) are **GRANTED** to the extent that Defendants' accused products do not infringe the "bonded" and "in intimate contact with" limitations of Claims 2 and 3 of the '631 patent.

**SIGNED this 1st day of August, 2011.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE